UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | §<br>§<br>§ |
| V. | § CASE NO. |
| 1,000 FLAT IRONS, 120 HAIR DRYERS,<br>AND 120 HAIR DRYER DIFFUSERS,<br>    Defendants. | §<br>§<br>§<br>§<br>§ |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

### Nature of Action

1.   This is a civil forfeiture action in rem brought under 19 U.S.C. §1595a(c)(2)(C) and 15 U.S.C. §1124.

2.   Subsection (c)(2)(C) of section 1595a of Title 19 provides that merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be seized and forfeited if it is merchandise or packaging in which copyright, trademark, or trade name protection violations are involved.

3.   Section 1124 of Title 15 provides that, except as provided in subsection (d) of section 1526 of Title 19, no article of imported merchandise which shall copy or simulate a trademark registered in accordance with the provisions of Chapter 22 of Title 15 or shall bear a name or mark calculated to induce the public to believe that the article is manufactured in the United States, or that it is manufactured in any foreign country or locality other than the country or locality in which it is

1

in fact manufactured, shall be admitted to entry at any customhouse of the United States.

4. Additionally, Defendant Property is labeled "Professional product By Houston, TX" notwithstanding the fact that China is the country of origin. In addition to the bases for forfeiture under 19 U.S.C. §1595a(c)(2)(C) and 15 U.S.C. §1124, 15 U.S.C. §1125 prohibits importation into the United States of goods bearing a false designation of origin and Title 19 U.S.C. §1304(a) requires conspicuous marking of the country of origin on every article (or its container) of foreign origin imported in to the United States. In accordance with 19 C.F.R. §§134.2 and 134.3(a), delivery of unmarked items into the United States is prohibited until such time as the articles (or their containers) have been marked in accordance with statutory requirements.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1395.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391 and 1395.

## Defendant Property

7. The Defendant is 1,000 flat irons, 120 hair dryers, and 120 hair dryer diffusers and their respective packaging and containers (hereinafter collectively referred to as "Defendant Property"). Defendant Property was imported at George Bush Intercontinental Airport in Houston, Texas, (hereinafter referred to as "IAH") on or about May 28, 2009. Law enforcement officers with the United States Customs and Border Protection (hereinafter referred to as "CBP") seized Defendant Property on or about June 23, 2009. Defendant Property is currently stored at a CBP storage facility in Houston, Texas.

8. Brelian, Inc. is the importer of Defendant Property. Brelian, Inc. is located at 7830

Westpark Dr., Houston, Texas 77063. Brelian, Inc. filed a claim with CBP contesting the seizure and forfeiture of Defendant Property.

## Factual Basis

9. On or about May 28, 2009, entry AMT-2797760-0 was filed on behalf of importer Brelian, Inc. at IAH. The entry was for iron/steel and other household tools, and electric hair dryers bearing the "SHI" name or mark. CBP officers examined the entry and took samples for further inspection.

10. The "SHI" name or mark is not registered with the United States Patent and Trademark Office (hereinafter referred to as "PTO"). The "SHI" name or mark so copies or simulates the "CHI" trademark which was registered with the PTO on December 10, 2002, under Registration No. 2,660,257 as to be likely to cause the public to associate the "SHI" name or mark with the "CHI" trademark. The use of the "SHI" name or mark on Defendant Property is substantially similar to the same type of goods that are currently packaged and sold under the "CHI" trademark, and the ordinary consumer would likely be confused by the similar marking.

11  On or about June 12, 2009, CBP notified the broker, FNS Customs Brokers, Inc., that: (a) the "SHI" name or mark was confusingly similar to the CBP recorded mark, "CHI", as found in CBP recordation number TMK 07-01367 (U.S. Trademark Registration Number 2,660,257); (b) Defendant Property was being detained under 19 C.F.R. 133.25; and, barring receipt of a release from the "CHI" trademark holder within the thirty day detention period, Defendant Property would be subject to seizure under 19 U.S.C. §1595a(c)(2)(C) for violation of 15 U.S.C. §1124.

12. On or about July 17, 2009, the Fines, Penalties & Forfeiture Office of CBP (hereinafter referred to as "FP&F") notified Brelian, Inc. that Defendant Property would be forfeited

and disposed of in accordance with 19 C.F.R. §133.52 unless FP&F received either the trademark owner's consent for importation of Defendant Property or a petition for relief under 19 C.F.R. §171.12(b).

13. By letter dated July 23, 2009, Brelian, Inc., acting through its attorney, Mr. Larry D. Knippa, filed a petition for relief and elected to have the notice of seizure published.

14. Mr. Frank Tavakoli, President of Brelian, Inc., filed an application for registration of the "SHI" name or mark for "electric hair curling irons, electric hair straightening irons and electric irons for styling hair" with the PTO on or about August 24, 2008. Farouk Systems, Inc., a Texas corporation with the principal place of business at 250 Pennbright, Suite 150, Houston, Texas 77090, filed a notice of opposition to the application alleging, among other things, that the "SHI" name or mark is confusingly similar to the "CHI" trademark. The matter is still pending before PTO.

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from October 20, 2009, the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty (20) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

<u>Prayer</u>

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

                          Respectfully submitted,

                          Tim Johnson
                          United States Attorney

By:    /S/ Gerald Doyle
        Gerald Doyle
        Assistant U. S. Attorney
        Admission ID No. 1453
        919 Milam, Suite 1500
        P. O. Box 61129
        Houston, Texas 77208
        Phone: 713.567.9599
        Fax: 713.718.3300

## Verification

I, Flora T. Spurlock, an officer with the Bureau of Customs and Border Protection of the United States Department of Homeland Security, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

_____
Flora T. Spurlock
Officer, Bureau of Customs and Border Protection

Sworn and subscribed before me, the undersigned authority, on  OCTOBER 20 , 2009.

_____
Notary Public in and for the State of Texas

My commission expires: 2/2/2013

YVONNE P. CANALES
My Commission Expires
February 2, 2013

6

Certificate of Service

I hereby certify that a copy of the foregoing has been served upon the following persons in the manner indicated on October 21, 2009:

<u>Counsel for Brelian, Inc.</u> (certified mail/rrr)
Mr. Larry D. Knippa
Attorney at Law
3121 Buffalo Speedway, No. 8109
Houston, Texas 77098

/S/ Gerald Doyle<br>Gerald Doyle