IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-09cv3400 |
| | § | |
| 1,000 FLAT IRONS, 120 HAIR DRYERS, and 120 HAIR DRYER DIFFUSERS, | § § § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| BRELIAN, INC. | § | |
| | § | |
| Claimant. | § | |

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
| | § | |
| Intervenor-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SHI SALON, LLC, BRELIAN, INC., SHIVA LABORATORIES, INC., FRANK TAVAKOLI, SALON WHOLESALERS & DISTRIBUTORS, INC., and MAJID JAMEOSSANAYE, | § § § § § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION</u>**

Presently pending before the court[1] is Farouk Systems, Inc.'s Motion for Entry of Default and Entry of Default Judgment (Docket Entry No. 30).  The motion is **DENIED**.

---

[1]  The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry Nos. 14, 19, 32.

The United States of America filed an in rem forfeiture action against Defendant Property on October 21, 2009. A couple of months later, Farouk Systems, Inc., separately filed a trademark action against SHI Salon, LLC, Brelian, Inc., Shiva Laboratories, Inc., and Frank Tavakoli. The court consolidated the later-filed trademark action with this case on April 30, 2010. On September 23, 2010, the court granted Farouk Systems, Inc., leave to file an amended complaint in which Farouk Systems, Inc., added two defendants. All six defendants filed a joint answer on October 27, 2010, which was the same date that Plaintiff filed this motion for default judgment.

In the motion, Farouk Systems, Inc., asserts that SHI Salon, LLC, Brelian, Inc., Shiva Laboratories, Inc., and Frank Tavakoli were electronically served the first amended complaint on September 23, 2010, and that the two newly named defendants were served with process on October 1, 2010. At the time Farouk Systems, Inc., filed this motion, no defendant had answered its first amended complaint. Farouk Systems, Inc., also accuses Defendants of "litigation misconduct of standing on spurious objections to written discovery" and refusing to waive service of process with respect to the two new defendants.[2] The response deadline is

---

[2] Farouk Systems, Inc.'s Motion for Entry of Default and Entry of Default Judgment, Docket Entry No. 30, pp. 8-9.

2

November 17, 2010, but the court takes the motion under immediate consideration.

Rule 55(a) allows for the entry of default as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the entry of default, a plaintiff may request judgment based on the default. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). Rule 55(b)(2) addresses default judgment entered by the court, stating that the plaintiff must apply for a default judgment. The court may hold an evidentiary hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

By the court's calculation, defendants filed the answer within two weeks of the electronic and service of process deadlines. Additionally, the defendants are represented by counsel who filed a notice of appearance on September 13, 2010, represented the defendants at the hearing on September 23, 2010, and filed the answer in late October. This is not an appropriate case for an entry of default. Although not timely, an answer is now in the record, and the defendants have been mounting a defense and participating in the litigation process.

Farouk Systems, Inc.'s Motion for Entry of Default and Entry of Default Judgment is **DENIED**.

**SIGNED** in Houston, Texas, this 3rd day of November, 2010.

Nancy K. Johnson
United States Magistrate Judge